33 F.3d 59
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy Bowling STEVENSON, Petitioner-Appellant,
v.
Robert G. BORG, et al., Respondent-Appellee.
 No. 93-56104.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1994.
Decided Aug. 15, 1994.
 
 Before: D.W. NELSON, BEEZER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner-Appellant, Billy Bowling Stevenson, appeals the district court's dismissal of his habeas petition. Stevenson claims that the trial court committed reversible error when it erroneously instructed the jury that it could find Stevenson guilty of first degree murder based on a felony-murder theory.
 
 
 3
 The State concedes that because petitioner was not charged with felony-murder and because he could not have been convicted under the felony-murder statute, the felony-murder instruction was erroneous.[1] The state trial judge admitted error, but ruled that it was harmless. The district court agreed that the error was harmless.
 
 
 4
 According to Stevenson, because the jury erroneously was instructed that it could convict him of first degree murder based on felony-murder, which does not require malice aforethought, and because his only defense at trial was that he lacked malice aforethought, the jury could have believed Stevenson's defense and yet erroneously convicted him of first-degree murder on the felony-murder theory. He further notes that the jury convicted him of first degree burglary, making it quite possible that the jury in fact relied on the erroneous felony-murder instruction.
 
 
 5
 This case is controlled by Suniga v. Bunnell, 998 F.2d 664 (9th Cir.1993), in which this court held that a state court's error in instructing the jury on felony-murder "was so serious that the 'instruction by itself so infected the entire trial that the resulting conviction violate[d] due process.' " Id. at 670 (quoting Estelle v. McGuire, 112 S.Ct. 475, 482 (1991)). As in this case, the state trial court in Suniga erroneously instructed the jury on felony-murder although the prosecution had not relied on a felony-murder theory of culpability and had not argued this theory to the jury. Also as in this case, the jury in Suniga could not have convicted the defendant of felony-murder. According to the Suniga court, the trial court's error was a structural error that required reversal. We have found no meaningful basis on which to distinguish the present case from Suniga. Therefore, we reverse the district court's denial of habeas corpus.
 
 
 6
 On remand, the district court shall issue the writ. We further conclude that the state shall have an opportunity to retry Stevenson. See Sanders v. Ratelle, 21 F.3d 1446, 1461 (9th Cir.1994) (internal citations omitted). Only if it fails to do so within a reasonable time shall Stevenson be released. The clerk is directed to include in the mandate to the district court direction to the district court to notify the State of California forthwith of the issuance of the writ.
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Stevenson could not have been convicted of felony-murder because under California law, where the burglary was committed in order to commit the murder, the felony-murder rule does not apply. People v. Garrison, 47 Cal.3d 746, 778 (1989)